OPINION
{¶ 1} Defendant-appellant, Bryan K. Taylor, pled guilty to one third-degree felony charge of theft of anhydrous ammonia in violation of R.C. 2913.02(A)(1), and one count of breaking and entering, a fifth-degree felony, in violation of R.C. 2911.13(B). The trial court, after making findings pursuant to R.C.2929.14(B) and (C), imposed maximum concurrent prison terms on each count.
 {¶ 2} Appellant presents one assignment of error which claims that the trial court erred by sentencing appellant to maximum prison terms.
 {¶ 3} In State v. Foster, 109 Ohio St.3d, 2006-Ohio-856, the Ohio Supreme Court held that portions of Ohio's statutory sentencing scheme were unconstitutional. Among those statues found unconstitutional was R.C. 2929.14(C), concerning the imposition of a maximum prison term. Id. at ¶ 83, 97-99. TheFoster court severed this section from the sentencing code and instructed that all cases pending on direct review in which the unconstitutional sentencing provisions were utilized must be remanded for resentencing. Id. at ¶ 104. Because the trial court utilized R.C. 2929.14(C) to impose maximum prison terms, we must remand this case for resentencing consistent with Foster.
 {¶ 4} Appellant's sole assignment of error is sustained.
 {¶ 5} The judgment of the trial court is reversed as to sentencing only and the case is remanded for resentencing.
Young and Bressler, JJ., concur.